UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JERIMIAH SIMMS,

Plaintiff,

v.

STEPHEN SINCLAIR, *et al.*,

Defendants.

CASE NO. 3:19-cv-05323 RBL-JRC

ORDER ON MISCELLANEOUS MOTIONS AND TO CORRECT AMENDED COMPLAINT

The District Court has referred this matter to U.S. Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. *See* Dkt. 2. This matter is before the Court on plaintiff's motions "to drop for misjoinder," to amend his complaint, and for sanctions against defense counsel. *See* Dkts. 24, 25, 27. For the reasons discussed below, plaintiff's motion to amend his complaint is granted, his motions for sanctions and to correct misjoinder are denied, and he is ordered to update his amended complaint's signature page on or before **October 8, 2019**.

///

## BACKGROUND

In April 2019, plaintiff, who proceeds *pro se* and *in forma pauperis* and who is incarcerated in Clallam Bay Corrections Center, brought suit against 12 defendants arising out of alleged incidents in December 2018 and January 2019 which DOC employees wrongfully rejected plaintiff's incoming and outgoing mail. *See* Dkt. 7, at 3–7. He claims violation of his federal constitutional rights and additionally brings various tort claims. *See* Dkt. 7, at 4. For one defendant, plaintiff gave only the title "WDOC Headquarters Mail Review Employee" ("Employee") by which to identify the defendant. *See* Dkt. 7, at 2.

By July 2019, all defendants except "Employee" had returned service waivers, and the undersigned ordered plaintiff to provide sufficient identifying information to serve defendant "Employee." *See* Dkt. 21. In response, plaintiff filed the pending "motion to drop for misjoinder." *See* Dkt. 24.

Meanwhile, the remaining defendants filed an answer to plaintiff's complaint. *See* Dkt. 22. Among other things, they "admit[ted] that [plaintiff] exhausted the mail rejection appeal process, but affirmatively aver[red] that he failed to submit a notice of claim to the State's Risk Management Office as required by statute." *See* Dkt. 22, at 2. Thus they pleaded as an affirmative defense that plaintiff "failed to submit a proper notice of claim and he failed to wait the statutorily required sixty days before filing suit, so th[e] Court lacks jurisdiction to hear [plaintiff's] tort claims." Dkt. 22, at 5.

In response, plaintiff filed a motion for sanctions against defense counsel, alleging that he did, in fact, file a notice of claim on April 17, 2019, which was denied on April 22, 2019, and that defense counsel either knew or should have known that the statements otherwise in defendants' Answer were false. *See* Dkt. 25, at 5.

**DISCUSSION**

**I. Sanctions Motion**

Plaintiff requests imposition of sanctions on defense counsel on the basis that the Answer included allegations that he had not filed a notice of claim and that these allegations were baseless. *See* Dkt. 25. However, a motion for sanctions must be served on the opposing party before it is presented to the Court. *See* Fed. R. Civ. P. 11(c)(2). The moving party must then wait 21 days to file the motion with the Court. *See* Fed. R. Civ. P. 11(c)(2). Plaintiff admits he failed to comply with either requirement. *See* Dkt. 30, at 9.

Plaintiff requests that his failure to comply with Rule 11 be excused because he is *pro se*. But it is well-settled that *pro se* status does not excuse a litigant from following court rules, even though a *pro se* litigant's pleadings and motions are construed liberally in his favor. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). The Court notes that plaintiff's authority is not to the contrary as his cases either deal with constructing substantive arguments liberally (*see Pembrook v. Wilson*, 370 F.2d 37, 40 n.5 (9th Cir. 1966)), affirmed denial of a *pro se* motion on the basis of failure to comply with local rules (*see Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)), or are not binding precedent on this Court. *See Manago v. Davey*, 1:16-cv-00399-LJO-GSA-PC, 2018 WL 6788041, at *2 (E.D. Cal. Dec. 26, 2018). Plaintiff's argument that this is his first *pro se* lawsuit appears inaccurate, as the Court is aware of multiple other matters brought by plaintiff, acting *pro se*, in this Court. *See Simms v. King Cty. Detention Facility et al.*, 2:04-cv-00725-JCC; *Simms v. King Cty. Regional Justice Ctr.*, 2:04-cv-02110 TSZ; *Simms v. State of Washington*, 2:06-cv-00879-TSZ; *Simms v. State of Washington*, 2:06-cv-00942-RSM; *Simms v. Holtgeerts*, 2:06-cv-01255-RSL; *Simms v. Clarke*, 2:07-cv-01407-MJP-BAT.

1    Plaintiff's motion for sanctions is therefore denied.

2

3    **II.  Motion to File Amended Complaint and Motion to Correct Misjoinder**

4    Plaintiff requests to amend his § 1983 complaint in order to add additional claims.  *See*
5    Dkt. 27.

6    Although plaintiff requests leave to amend his complaint under Federal Rule of Civil
7    Procedure 15(a)(2), plaintiff's amendment is proper under Rule 15(a)(1) as amendment as a
8    matter of right.  Under that subsection of Rule 15, plaintiff could amend his complaint as a
9    matter of course within 21 days of service of the answer.  *See* Fed. R. Civ. P. 15(a)(1).  Plaintiff
10   filed his motion for leave to amend one week after defendants filed their answer.  *See* Dkts. 22,
11   27.

12   Therefore, the Court grants plaintiff's motion for leave to amend his complaint on the
13   basis that plaintiff is entitled to amend his complaint as a matter of right.  Because plaintiff's
14   amended complaint drops the claims against defendant "Employee," this resolution makes
15   plaintiff's motion to correct misjoinder moot.

16   The Court notes that plaintiff's complaint is not signed and dated.  Plaintiff shall update
17   his amended complaint by providing a signed and dated signature page no later than October 8,
18   2019.  *See* Local Civil Rule 7(m) (regarding praecipes to correct mistakes in documents).  In the
19   future, plaintiff must comply with Local Civil Rule 10(e)(4) and Federal Rule of Civil Procedure
20   11 regarding signing pleadings and written motions.

21   ///

22   ///

23   ///

24

## CONCLUSION

Plaintiff's motions for sanctions and to drop for misjoinder (Dkts. 24, 25) are denied. Plaintiff's motion for leave to amend is granted. Dkt. 27. Plaintiff shall file a corrected signature page—one that is signed and dated—for his amended complaint on or before **October 8, 2019.** The Clerk will update the docket accordingly.

Dated this 10th day of September, 2019.

J. Richard Creatura
United States Magistrate Judge