# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DANIEL JERIMIAH SIMMS,

    Plaintiff,

v.

STEPHEN SINCLAIR, *et al.*,

    Defendants.

CASE NO. 3:19-cv-05323 RBL-JRC

ORDER ON MOTION TO STAY DISCOVERY

The District Court has referred this 42 U.S.C. § 1983 civil rights matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. The matter is before the Court on defendants' motion to stay discovery. *See* Dkt. 41. Because defendants' pending motion for judgment on the pleadings addresses all of plaintiff's claims and is decided by reference to the amended complaint, defendants' motion to stay discovery is granted, pending resolution of the motion for judgment on the pleadings.

## DISCUSSION

After filing an amended complaint in this matter, plaintiff requested leave to conduct depositions of four defendants—defendants Ferguson, Gonzalez, Stone, and Lohneis—at Clallum Bay Corrections Center ("CBCC"), where plaintiff is incarcerated. *See* Dkt. 37. Plaintiff subsequently filed notices of depositions for these four defendants, "subject to Plaintiff obtaining Leave by the Court to conduct the depositions." *See* Dkt. 38, at 2.

Defendants then filed a motion for judgment on the pleadings and a motion to stay discovery pending resolution of their motion for judgment on the pleadings. *See* Dkt. 39; Dkt. 41, at 1. Noting that plaintiff has requested to take four defendants' depositions and has propounded interrogatories, defendants request that the Court stay discovery until the motion for judgment on the pleadings has been decided. *See* Dkt. 41, at 3. Plaintiff did not file an opposition to defendants' motion to stay, although in his opposition to their motion for judgment on the pleadings, plaintiff argues that defendants should not be able to "escape their responsibility of Discovery because of the meritless arguments brought" in the motion for judgment on the pleadings. *See* Dkt. 43, at 25.

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *See, e.g.*, *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion is (1) "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

Here, defendants have requested judgment on the pleadings and that all of plaintiff's claims be dismissed. *See* Dkt. 39. Thus the pending motion may resolve all of plaintiff's claims. Among other things, defendants argue in their motion that qualified immunity shields them from liability. *See* Dkt. 39. When government officials raise the issue of qualified immunity, the Supreme Court has held that discovery should not proceed until the threshold issue of immunity has been resolved. *See DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989). Moreover, because plaintiff's complaint must stand on its face to survive a motion for judgment on the pleadings, a stay of discovery will not prejudice plaintiff. *See Cafasso v. Gen'l Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

The Court notes plaintiff's opposition on the basis that defendants will be able to "escape" discovery. *See* Dkt. 43, at 25. To the contrary, if the case survives defendants' motion for judgment on the pleadings, the stay will be lifted, and plaintiff will be able to conduct discovery. Accordingly, it is **ORDERED:**

(1) Defendants' Motion to Stay Discovery (Dkt. 41) is GRANTED; all discovery (including plaintiff's motion for leave to conduct depositions (Dkt. 37)) shall be STAYED pending further order of the Court. The Clerk is directed to remove Dkt. 37 from the Court's calendar.

(2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

Dated this 8th day of November, 2019.

J. Richard Creatura
United States Magistrate Judge